# IN THE COURT OF APPEALS OF IOWA

No. 17-0088
Filed March 22, 2017

**IN THE INTEREST OF K.G.,**
**Minor child,**

**V.G., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Nancy A.S. Trotter, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary K. Wickman, Assistant Attorney General, for appellee State.

Erin M. Hardisty of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

A mother appeals the termination of her parental rights to her child. Finding the State carried its burden of proof by clear and convincing evidence, we affirm.[1]

The child, K.G., born 2015, came to the attention of the Iowa Department of Human Services (DHS) after testing positive for oxycodone at birth. The mother admitted to using methamphetamine and oxycodone during the pregnancy. K.G. was removed in April 2015 and placed in foster care. In May, K.G. was adjudicated a child in need of assistance.

After a termination hearing held over multiple days, the district court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) (2016). The mother appeals, asserting the State failed to establish the grounds for termination by clear and convincing evidence, termination was not in the best interests of the child, and exceptions to termination are present.

We review the termination of parental rights de novo, giving weight to the factual findings of the district court while not being bound by them. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The record establishes the mother has failed to abstain from the use of illegal substances and the child cannot be safely returned to her care without the risk of adjudicatory harm. *See* Iowa Code § 232.116(1)(h)(4). Initially, the mother was open to services offered by DHS, though she tested positive for illegal substances while receiving substance-abuse treatment in the months

---

[1] The father's parental rights were also terminated, but after initially appealing, he later dismissed his appeal.

following removal. In October 2015, the mother became resistant to services after admitting to taking Percocet without a prescription. Throughout late 2015 and early 2016, the mother missed numerous drug screens and scheduled substance-abuse evaluations. The mother began sporadically missing visitation appointments, missed medical appointments for the child, and became inconsistent in her contact with DHS and the child's foster parents. She also lost her job and was not maintaining a permanent home. In September 2016, the mother again tested positive for methamphetamine and amphetamines. Based on the record before us, we agree with the district court's conclusion the State proved by clear and convincing evidence the children could not be safely returned to the mother. *See* Iowa Code § 232.116(1)(h)(4).

The mother also claims termination was not in the best interests of the child under Iowa Code section 232.116(2). In determining termination was in the best interests of the child, the district court stated: "[The child] is approximately 20 months old. The Child Welfare case has been open his entire life. It needs to end. He needs certainty and permanency and safety and stability that cannot be provided by his biological parents." "[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). We agree it was in the child's best interest to terminate the mother's parental rights and nothing militated against termination. *See* Iowa Code § 232.116(2), (3).

We agree the State proved by clear and convincing evidence the mother's parental rights should be terminated under section 232.116(1)(h). We also agree

with the district court that termination is in the child's best interests.  We therefore affirm the termination of the mother's parental rights.

**AFFIRMED.**